| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　-against-<br><br>James Robinson,<br>　　　　　　　　　　　　　　　Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _4/21/2021_<br><br>17 Cr. 611-7 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

Defendant, James Robinson, a prisoner serving his sentence at FCI Allenwood Medium ("Allenwood"), moves for a reduction of his term of imprisonment under the federal compassionate release statute, codified at 18 U.S.C. § 3582(c)(1)(A). Def. Mem., ECF No. 714. For the reasons stated below, Robinson's motion is DENIED.

## BACKGROUND

In 2017, Robinson was indicted for racketeering conspiracy, conspiracy to distribute narcotics, and possessing, using, and carrying firearms in furtherance of the racketeering conspiracy, or aiding and abetting the same. ECF No. 2. On August 2, 2018, the court accepted Robinson's plea of guilty to a conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846.841(b)(1)(B) (a lesser included offense to the charge of conspiracy to distribute narcotics), and on July 25, 2019, he was sentenced to five years' imprisonment and four years of supervised release. ECF Nos. 204, 554. According to the Bureau of Prisons (the "BOP"), his release date is January 13, 2022. Def. Ex. F, ECF No. 714-1. It appears that he will be eligible for release to a halfway house at the end of June, upon completion of the Residential Drug and Alcohol Program ("RDAP").[1] ECF No. 721.

---

[1] Robinson's official BOP records show a halfway house date in July 2021, as of February 2, 2021. Def. Ex. F, ECF No. 714-1. However, defense counsel has stated, unopposed by the Government, that her understanding is that Robinson was told he would have been eligible for a halfway home in April 2021, but that date was delayed to July 2021 so that he could complete RDAP. Def. Mem. at 5. His RDAP completion date, and thus his eligibility, has now been moved to June 29, 2021. ECF No. 721.

Robinson is now 34 years old, and states that he has a "lifelong history of asthma, smoking and obesity." Def. Mem. at 5. His BOP medical records demonstrate that as of February 24, 2021, he had a Body Mass Index ("BMI") of 30.7. Med. Records at 103.[2] Since 2019, his BMI has hovered between 30.7 and 31.[3] *See id.* at 38, 45, 118. From 2017 to 2021, Robinson's medical records indicate that he has denied a history of tobacco use. *See id.* at 10, 59, 104. From 2017 to 2019, his medical records indicate that he has denied respiratory issues. *Id.* at 1, 6, 49, 56, 82. On February 25, 2021, Robinson refused the COVID-19 vaccine offered to him. *Id.* at 125.

During his incarceration, he has had no disciplinary history, Def. Ex. B at 6, ECF No. 714-1, and participates in RDAP, Def. Ex. D at 10–12, ECF No. 714-1. He has completed eight education programs, and enrolled in a GED preparatory course, which he was unable to attend due to COVID-19 restrictions. Def. Ex. C at 8, ECF No. 714-1; Def. Mem. at 4. Defendant represents that he would live with his young daughter and her mother upon his release, is likely to be rehired by his prior employer, and plans to finish his education. Def. Mem. at 5–6; ECF No. 721-1. He states that being incarcerated has taught him that he has a "greater responsibility now" to "make sure [his] daughter and wife are tak[en] care of." ECF No. 721-1.

On February 3, 2021, Allenwood's warden received Robinson's request for

---

[2] The Government filed Robinson's BOP medical records under seal. Because Robinson's privacy interest in his medical records outweighs the public right of access to judicial documents, the Court shall maintain the records under seal. However, given that both parties' filings discuss the essential facts of those records publicly, the Court shall not redact the portion of this order that addresses Robinson's medical history. *See United States v. Ebbers*, 432 F. Supp. 3d 421, 423 n.1 (S.D.N.Y. 2020) ("This [o]pinion includes details of [movant's] medical tests, results, and diagnoses. The vast majority of these details are in the public record, summarized in the motion papers and subsequent letters on the docket from [movant's] counsel and the Government. The medical records . . . remain under seal, but the Court draws a limited number of details from them for the purposes of this [o]pinion." (citations omitted)); *Wheeler-Whichard v. Doe*, No. 10 Civ. 358S, 2010 WL 3395288, at *7 (W.D.N.Y. Aug. 25, 2010) ("[D]istrict courts routinely file medical records under seal. . . .").

[3] Where the BOP medical records did not provide a BMI, the Court calculated the BMI based on Defendant's height and weight using the Centers for Disease Control and Prevention tool. *See Adult BMI Calculator*, Centers for Disease Control and Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator html (last visited Apr. 21, 2021).

compassionate release, which the warden denied on February 16, 2021. Def. Ex. A at 3–4, ECF No. 714-1. By letter dated January 7, 2021, Robinson moved *pro se* for compassionate release, in light of the COVID-19 pandemic. ECF No. 704. On March 16, 2021, Robinson filed a supplemental motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) through his attorney. Def. Mem.

## DISCUSSION

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Robinson must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence. The Court should also consider the factors listed in 18 U.S.C. § 3553(a), which, as applicable here, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct; [and]
>     (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).

The Court finds, and the parties do not dispute, that Robinson has exhausted his administrative remedies. Def. Ex. A; Gov't Opp'n at 2, ECF No. 717. Therefore, the Court only addresses whether Robinson has stated an extraordinary and compelling reason for release, and whether that reason is outweighed by the § 3553(a) factors.

The United States Sentencing Commission has defined "extraordinary and compelling reasons" at U.S.S.G. § 1B1.13, cmt. n.1. *See United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4–5 (S.D.N.Y. Jan. 8, 2020). The definition, as relevant, states that extraordinary and compelling reasons for modification exist where "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Second Circuit recently clarified, however, that where, as here, a motion for compassionate release is brought by a defendant, rather than by the BOP, Guideline § 1B1.13 is "not applicable." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (internal quotation marks omitted). Accordingly, this Court is empowered to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," and is not bound by Guideline § 1B1.13. *Id.* at 237.

Courts have granted modified sentences in light of COVID-19 for defendants with illnesses or injuries that make them particularly vulnerable to COVID-19. *See, e.g.*, *United States v. Yu*, No. 90 Cr. 47, 2020 WL 6873474, at *4 (S.D.N.Y. Nov. 23, 2020) (collecting cases). By contrast, in cases where such illnesses or injuries were absent, courts in this district have denied requests for compassionate release. *See, e.g.*, *United States v. Brooks*, No. 11 Cr.

206, 2020 WL 6946589, at *2 (S.D.N.Y. Nov. 24, 2020); *United States v. Zehner*, No. 19 Cr. 485, 2020 WL 1892188, at *2 (S.D.N.Y. Apr. 15, 2020).  Here, although Robinson states that he has a history of smoking and asthma, his BOP medical records contradict that claim.  *See* Def. Mem. at 5; Med. Records.  However, he has a BMI of 30.7, which is slightly over 30, the threshold for obesity set by the Centers for Disease Control and Prevention (the "CDC").  *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated March 29, 2021).  The CDC has stated that obesity is a condition which leads to a higher chance of getting severely ill from COVID 19.  *Id.*  This risk "increases sharply with elevated BMI."  *Id.*

However, Robinson also refused the COVID-19 vaccine.  Med. Records at 125.  In such instances, courts in this district and elsewhere have nearly uniformly denied compassionate release sought for medical reasons.  *See, e.g.*, *United States v. King*, No. 16 Cr. 478, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) (denying compassionate release when defendant refused the COVID-19 vaccine, and his only medical condition was a BMI of 30.6); *United States v. Greenlaw*, No. 18 Cr. 98, 2021 WL 1277958, at *6 (D. Me. Apr. 6, 2021) (collecting cases).  The Court agrees; Robinson's refusal to take a vaccine that has been shown to be effective at preventing COVID-19, and that will "help protect [him] from getting sick or severely ill" should he be infected, undercuts his fear of infection.  *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated Apr. 7, 2021); s*ee Greenlaw*, 2021 WL 1277958, at *7 ("To reward [defendant] for his vaccination refusal would create a perverse incentive for defendants . . . to refuse COVID-19 vaccines and put their lives and the lives of others in jeopardy in an effort to bolster their compassionate release motions.").

In so ruling, the Court is not ordering Defendant to undergo a vaccination; he has the right to refuse medical treatment. *Greenlaw*, 2021 WL 1277958, at *7. Nor does it deny that Defendant may have personal reasons to be wary of the vaccine. *See* Def. Reply at 2, ECF No. 720. *But see Safety of COVID-19 Vaccines*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/safety-of-vaccines.html (last updated Apr. 20, 2021) ("COVID-19 vaccines are safe . . . Millions of people in the United States have received COVID-19 vaccines under the most intense safety monitoring in U.S. history. . . . Serious side effects that would cause a long-term health problem are extremely unlikely following COVID-19 vaccination."). Nevertheless, Robinson's comparative youth, his BMI being only slightly over the obesity threshold, and his refusal to be vaccinated, undermine his claim that there is an extraordinary and compelling reason for release. *See United States v. Colon*, No. 18 Cr. 6040, 2021 WL 1246187, at *3 (W.D.N.Y. Apr. 5, 2021) (denying compassionate release where defendant refused to accept the COVID-19 vaccine, was young, and had a BMI only "slightly over" obese levels).

The Court does not disregard the risk that Robinson may contract COVID-19, or the devastating effects COVID-19 can have on even healthy individuals. The Government has an obligation to protect every person in its custody from the threat COVID-19 presents. *See Valentine v. Collier*, 140 S. Ct. 1598, 1601 (2020) (Sotomayor, J., statement respecting the denial of application to vacate stay) ("[I]n this pandemic . . . inmates everywhere have been rendered vulnerable and often powerless to protect themselves from harm. May we hope that our country's facilities serve as models rather than cautionary tales."). The Court also recognizes that Robinson has taken steps to improve himself while incarcerated, that he has a release plan, and that he has served approximately 80 percent of his sentence. However, none of these circumstances present an extraordinary and compassionate reason for release. *United States v. Marmolejos*, No. 19 Cr. 626, 2021 WL 807128, at *3 (S.D.N.Y. Mar. 3, 2021).

## CONCLUSION

Accordingly, Robinson's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 714.

SO ORDERED.

Dated: April 21, 2021
       New York, New York

$\underline{\qquad\qquad\qquad\qquad\qquad}$
ANALISA TORRES
United States District Judge